UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17-cr-00003-JAW-1 |
| | ) | |
| WARREN LAPRELL | ) | |

**ORDER ON MOTION TO REDUCE SENTENCE**

On October 4, 2017, the Court sentenced Warren Laprell to one hundred and twenty-one months of incarceration, three years of supervised release, no fine, and $100 in special assessments for engaging in a conspiracy to distribute and possess with the intent to distribute oxycodone. *J.* (ECF No. 34). On November 1, 2023, United States Magistrate Judge John Nivison issued a sua sponte order to determine whether Mr. Laprell was entitled to a sentence reduction based on newly enacted and promulgated statutory and guideline amendments. *Sua Sponte Mot. for Sentence Modification and Scheduling Order* (ECF No. 40). The amendment that occasioned the Magistrate Judge's order is known as Amendment 821. The same day, the Magistrate Judge appointed David R. Beneman, Federal Defender, as Mr. Laprell's counsel to assist Mr. Laprell in connection with any proceedings related to the potential reduction of sentence. Also on November 1, 2023, the United States Probation Office reviewed Mr. Laprell's case and determined that he is not eligible for a sentencing reduction under Amendment 821. *Report Pursuant to Am. 821 to the United States Sentencing Guidelines for Ineligible Def.* (ECF No. 41) (emphasis in original) (*PO Report*).

The Court is issuing this brief order to explain to Mr. Laprell why the Court is not reducing his sentence.

At his October 4, 2017 sentencing hearing, the Court made its guideline calculations and determined that Mr. Laprell's total offense level was 30 and his criminal history category was Category I, resulting in a guideline sentence of 210 to 262 months, three years of supervised release, a fine from $20,000 to $1,000,000, and a $100 special assessment per count. *Statement of Reasons*, Attach. 1, *Findings Affecting Sentence* (ECF No. 35). Mr. Laprell also received a guideline enhancement of two levels under United States Sentencing Guideline § 2D1.1(b)(1). The factual basis for this enhancement was that a total of five firearms had been found at Mr. Laprell's residence, with two handguns located within close proximity to drugs and drug paraphernalia. *PO Report*, Attach. 1, *Presentence Investigation Report* ¶ 18.

One part of Amendment 821, which is the amendment that occasioned the Magistrate Judge's motion, is United States Sentencing Guideline (U.S.S.G.) § 4A1.1(e). This provision changes the number of points added to a defendant's criminal history score if the defendant committed the new offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). But Mr. Laprell was not under a criminal justice sentence when he committed this federal crime and accordingly he did not receive the criminal justice enhancement at his sentencing hearing, so this change does not apply to him.

There is another part of Amendment 821 that might have applied to Mr. Laprell. Found in U.S.S.G. § 4C1.1, the Guidelines now allow for a two-level

reduction for so-called Zero-Point Offenders. *See* U.S.S.G. § 4C1.1(a). As Mr. Laprell had no criminal history points, he would have potentially been eligible for the two-level reduction, but § 4C1.1(a)(7) prohibits the reduction for Zero-Point offenders if they possess a firearm in connection with the offense. Here, because Mr. Laprell received a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), he is not eligible for a reduction under this provision of Amendment 821.

Under U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), a court is not authorized to reduce a defendant's term of incarceration if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). As Amendment 821 does not have the effect of reducing Mr. Laprell's sentencing guideline range, the Court may not reduce his sentence pursuant to Amendment 821.

Finally, on November 22, 2023, in recognition that Mr. Laprell was not entitled to an Amendment 821 reduction, Federal Defender David Beneman moved to withdraw as counsel for Mr. Laprell. *Mot. to Withdraw* (ECF No. 43).

The Court DISMISSES without prejudice the Sua Sponte Motion for Sentence Modification and Scheduling Order (ECF No. 40) and GRANTS David Beneman's Motion to Withdraw (ECF No. 43).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2023